X. MATHIS and MADELINE ROLL v. MAGDALENA GERANTZ, Tutrix, and in her own right.

The will of the testator not having been dictated to the notary in the presence of the three attesting witnesses, is null and void.

Facts constituting bad faith in a purchaser or possessor.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.

*McKay*, for plaintiffs. *Michel & Gilmore*, for defendant and appellant.

SPOFFORD, J.* It is amply proved, that the testator, *Joseph Mathis*, did not dictate his will to the notary in presence of the three attesting witnesses. The District Court, therefore, did not err in holding the testament to be null and void. C. C. 1571. *Mouton* v. *Cameau's Heirs*, 5 An. 565.

The plaintiffs are the duly recognized heirs at law of their deceased son, *Joseph Mathis*.

They are therefore entitled to recover identically such property belonging to his succession, as has not been legally alienated.

In this suit, they claim a particular lot of ground in the faubourg Livaudais, parish of Jefferson, which is alleged to be in possession of the defendant. This lot belonged to the succession of *Joseph Mathis*, but it was community property, having been acquired during the marriage between him and his wife, *Mary Gerantz*. The defendant is sister and heir of *Mary Gerantz*.

The plaintiffs, as heirs of *Joseph Mathis*, cannot of course recover more than his interest in the property sued for. The judgment is erroneous in giving them the whole, instead of one-half of the lot. See *Cresse* v. *Marigny*, 4 M. 54.

But the defendant contends that notwithstanding the nullity of the will, as the property has been sold under judicial order, she is a purchaser in good faith, and cannot be disturbed.

We do not find her to be a purchaser or possessor in good faith. The lot in question was never sold as a part of the succession of *Mathis*. It remained in the possession of his widow and executrix, until her death, and was afterwards sold as part of her succession, at the instance of her creditor, *Henry Markle*, who was administrator thereof, and who, it is admitted, had notice of the plaintiffs' claims. But *Markle*, administrator, was the husband of the present defendant. He was incompetent, by reason of his office, to purchase at the succession sale; but it appears that one *Burdette* bought the lot in controversy, and within two weeks conveyed it to *Markle*, for the same sum he bid for it at the probate sale. Under the circumstances, we must regard *Burdette* as a person interposed and purchasing for the benefit of the administrator, *Markle*, who is since deceased. The sale was therefore null. The defendant, *Markle's* widow, claims the property as tutrix of their minor children, inheriting their father's title; she is entitled to retain one-half the property as heir to her sister, *Mary Gerantz*, widow in community of *Joseph Mathis*; and the plaintiffs are entitled to the other half as heirs of *Joseph Mathis*, whose succession has never been legally divested thereof.

*MERRICK, C. J., not being present at the argument of this case, took no part in this decision.

MATHIS
*v*
GERANTZ.

It is therefore ordered, that the judgment of the District Court, so far as it annuls the pretended will of *Joseph Mathis*, be affirmed; and that in other respects, it be avoided and reversed. It is further ordered and adjudged, that the plaintiffs be decreed to be the owners of one undivided half of the lot of ground and improvements thereon, described in their petition as situated in the faubourg Livaudais, parish of Jefferson, in square No. 5, bounded by Levee, Rousseau, Fourth and Washington streets. It is further ordered, that the plaintiffs have judgment against the defendant for fruits and revenues at the rate of ten dollars per month, from the 20th September, 1852, the day of judicial demand, until delivery of possession of one-half the premises aforesaid. And it is further ordered, that the costs in the District Court be paid by the defendant, and the costs of this appeal by the plaintiffs and appellees.